IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-892-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

Attached to the complaint is a docket sheet from the Court of Common Pleas Criminal Court. It indicates that Bridgeforth was arrested on June 24, 2014 for Assault 2d and that a preliminary hearing was scheduled for July 9, 2014. Bridgeforth alleges that on July 2, 2014, the defendants Wilmington Police Department ("WPD"), New Castle County Public Defender's Office ("Public Defender's Office"), the Court of Common Pleas for New Castle County ("Court of Common Pleas"), and the JP Court 20 ("JP Court") acted together when they charged Bridgeforth with crimes that do not "constitute such crime." Bridgeforth alleges that on July 2,

---

[1] Bridgeforth does not reference a particularly statute, but it appears the claim is brought pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

2014, he was unlawfully arrested and placed on supervision for an uncommitted crime. Bridgeforth alleges the foregoing defendants filed false criminal claims against him. (*See* D.I. 2.)

Bridgeforth alleges that the Court of Common Pleas and the defendants Delaware Department of Justice Criminal Division ("DOJ") and the Superior Court of New Castle County ("Superior Court") failed to properly review the unconstitutional acts of the Police Department, the Public Defender's Office, the Court of Common Pleas, and the JP Court. Finally, Bridgeforth alleges that all the defendants attempted to start an illegally constituted grand jury hearing and illegally held him. Bridgeforth seeks compensatory damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080,

1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Initially the court notes that the complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. Notably, it consists of conclusory allegations without supporting facts.

### A. Eleventh Amendment

In addition, the Public Defender's Office,[2] Court of Common Pleas, JP Court, the Superior Court, and the DOJ are immune from suit by reason of the Eleventh Amendment. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atl. of Penn.*, 271 F.3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. *See Pennhurst State School & Hosp.*, 465 U.S. at 98-100. Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). Moreover, Delaware's branches of government, such as the judicial branch, are not persons subject to claims under 42 U.S.C. § 1983. *See Smith v. Delaware*, 2008 WL 511905, at *2 (D. Del. 2008).

The State of Delaware has neither consented to Bridgeforth's suit nor waived its immunity under the Eleventh Amendment. Its judicial branches also have Eleventh Amendment

---

[2]The Office of the Public Defender is an agency of the State of Delaware, created by the General Assembly to represent indigent defendants in criminal cases. 29 DEL. C. § 4602.

and, because the DOJ and the Public Defender's Office are duly constituted state agencies whose Eleventh Amendment immunity has not been waived, they are also are immune from suit. Therefore, the court will dismiss the claims against the Public Defender's Office, Court of Common Pleas, JP Court, the Superior Court, and the DOJ as they are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Municipal Liability

Bridgeforth has also sued the WPD which is not a separate entity for purposes of suit, but is merely a department within the City of Wilmington, Delaware. *See Boyd v. Wilmington Police Dep't*, 439 F. Supp. 2d 343 n.3 (D. Del. 2006). Even had Bridgeforth named the City of Wilmington, Delaware as a defendant, the claim fails.

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Bridgeforth has not pled that the WPD was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the WPD directly caused harm to Bridgeforth, his § 1983 claim cannot stand. The claim is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint on the basis of the defendants' immunity and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Sept 16, 2014
Wilmington, Delaware